# IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT
# IN AND FOR DUVAL COUNTY, FLORIDA

ELIOTT WILLIAMSON,
    Plaintiff

Vs.                  Case No. 3:23-cv-759-BJD-MCR

EQUIFAX INFORMATION SERVICES, LLC
    Defendant

_____/

## COMPLAINT

**Preliminary Statement**

1. This is an action for damages brought by an individual consumer, against Equifax Information Services LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *and other state law claims.*

**Jurisdiction & Venue**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**The Parties**

4. Plaintiff is an adult individual residing in Florida

5. Defendant Equifax Information Services LLC ("Equifax") is a business entity that regularly conducts business in Middle District of Florida and which has a principal place of business located at 1550 Peachtree Street N.W. Atlanta, GA 30309

1

## Factual Allegations

8. Defendant has been reporting derogatory inaccurate statements and reinserted previously deleted information relating to Plaintiff and Plaintiff's credit history that are untrue.

9. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of one account and/or trade lines that do not accurately reflect payments made by Plaintiff but rather an unidentified party.

11. Defendant has been reporting inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has disputed the inaccurate information with EQUIFAX to their representatives by following EQUIFAX's established procedures for disputing consumer credit information.

13. Plaintiff has disputed the inaccurate information with EQUIFAX from January 1, 2023, through the present.

14. Notwithstanding Plaintiff's efforts, EQUIFAX has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and EQUIFAX continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. EQUIFAX has repeatedly published and disseminated consumer reports.

15. Despite Plaintiff's efforts, EQUIFAX has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (2) contacted any third parties that would has relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally

furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

16. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

17. As of result of Defendant' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

18. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who was acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

20. Plaintiff incorporates the foregoing paragraphs as though the same was set forth at length herein.

21. At all times pertinent hereto, EQUIFAX was each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

3

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, EQUIFAX are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

25. The conduct of EQUIFAX was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, EQUIFAX is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## Count II- EQUIFAX
## VIOLATIONS OF THE FCRA

26. Plaintiff incorporates the foregoing paragraphs as though the same was set forth at length herein.

27. At all times pertinent hereto EQUIFAX was a "person" as that term defined by 15 U.S.C. § 1681a(b).

28. At all times pertinent hereto EQUIFAX was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

29. EQUIFAX violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against EQUIFAX as follows:

a. For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's public information and from refusing to issue, prompt, complete and accurate disclosure to Plaintiff.

b. For equitable relief compelling EQUIFAX to use appropriate dispute investigation methods and policies with respect to consumer data collection storage, protection, and transmitted information of consumers.

c. For an award of damages, as allowed by law in an amount to be determined.

d. For an award of fees and costs and litigation expenses as allowable by law

e. Punitive damages

f. Such other and further relief as this court may deem just and proper.

## BENCH TRIAL DEMAND

Plaintiff demands trial by bench on all issues so triable.

Respectfully submitted this 29th day of June 2023.

*[signature]*

ELIOTT WILLIAMSON

/s/Eliott Williamson

12183 Captiva Bluff Cir. W
Jacksonville, FL 32226

5

## CERTIFICATE OF SERVICE

This statement is to certify that, on June **29, 2023**, a copy of the foregoing has been delivered by hand to all parties who have agreed to accept service by mail or electronically:

/s/Eliott Williamson

12183 Captiva Bluff Cir. W
Jacksonville, Fl 32226

## SERVICE LIST

US District Court Clerk

300 N Hogan St

Jacksonville, Fl 32202


Equifax Information Services LLC.

1550 Peachtree Street N.W.
Atlanta, GA 30309

6